**16-10432-GG**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**UNITED STATES OF AMERICA,**

**Plaintiff/Appellee,**

**v.**

**JEFFREY NURSEY,**

**Defendant/Appellant.**

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
Case No. 2:15-CR-112-CDL-SRW**

---

**BRIEF OF APPELLEE**

**GEORGE L. BECK, JR.**
**United States Attorney**

**R. RANDOLPH NEELEY**
**Assistant United States Attorney**

**ATTORNEYS FOR APPELLEE
UNITED STATES OF AMERICA**

**United States Attorney's Office
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280**

No. 16-10432-GG

*United States of America v. Jeffrey Nursey*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the United States Attorney for the Middle District of Alabama, through undersigned counsel, certifies that the following individuals have an interest in the outcome of this case in addition to the individuals listed in the defendant-appellant's certificate of interested persons:

1.   Anderson, Robert G., Assistant United States Attorney, Middle District of Alabama, counsel for the United States at trial;

2.   Beck, George L., Jr., United States Attorney, Middle District of Alabama,

3.   Calhoon, DeeAnne M, Assistant United States Attorney, Middle District of Alabama, counsel for the United States at trial;

4.   Duraski, Russell T., Appointed counsel for Defendant/Appellant in the sentencing proceedings before the district court;

5.   James, Susan, Susan James & Associates, Montgomery, Alabama, retained counsel for Defendant/Appellant in the district court;

6.   Land, Clay D., United States District Judge, trial judge;

7.   Matthews, Richard F., Jr., Appointed counsel for Defendant/Appellant on direct appeal;

*United States of America v. Jeffrey Nursey*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

8.    Neeley, R. Randolph, Assistant United States Attorney, Middle District of Alabama, counsel for the United States at sentencing and on this appeal;

9.    Nursey, Jeffrey Allen, Defendant/Appellant;

10.    Passineau, Michael Alan, Victim;

11.    Saucer, Garrett, retained counsel for Defendant/Appellant in the district court;

12.    Simmons, Denise Arden, Susan James & Associates, Montgomery, Alabama, counsel for Defendant/Appellant in the district court;

13.    Stewart, Sandra J. Assistant United States Attorney, Middle District of Alabama, counsel for the United States on this appeal;

14.    Walker, The Honorable Susan Russ, United States Magistrate Judge for the Middle District of Alabama;

15.    Watkins, The Honorable W. Keith, Chief Judge, United States District Judge for the Middle District of Alabama.

/s/ R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney

## STATEMENT REGARDING ORAL ARGUMENT

The United States respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and the decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ............................................................ C1 of 2

STATEMENT REGARDING ORAL ARGUMENT ................................... i

TABLE OF CONTENTS ........................................................ ii, iii

TABLE OF CITATIONS AND AUTHORITIES .................................... iv, v

STATEMENT OF JURISDICTION ............................................... 1

STATEMENT OF THE ISSUES ................................................. 1

STATEMENT OF THE CASE .................................................... 2

      I.     COURSE OF PROCEEDINGS AND DISPOSITIONS
           BELOW ................................................................ 1

      II.    STATEMENT OF THE FACTS

           A. Facts regarding the 2013 prosecution of Nursey
           and the role of Michael Passineau ................................ 2

           B.  Facts relating to Nursey's retaliation against Mr.
           Passineau ........................................................ 2

      III.   STANDARDS OF REVIEW ................................................ 6

SUMMARY OF ARGUMENT ................................................... 8

ARGUMENTS AND CITATIONS OF AUTHORITY ............................... 9

     I.     TITLE 18, UNITED STATES CODE, SECTION 1513E IS NOT
          UNCONSTITUTIONALLY VAGUE THUS DEFENDANT
          HAS SUFFERED NO CONSTITUTIONAL DEPRIVATION ..... 9

II.    THE DISTRICT COURT'S DENIAL OF NURSEY'S MOTION
       FOR ACQUITTAL WAS PROPERLY DENIED AS A
       REASONABLE TRIER OF FACT COULD, AND DID, FIND
       GUILT BEYOND A REASONABLE DOUBT .......................... 12

       A. The evidence established that Nursey interfered with the
          witness's lawful employment and livelihood ......................... 13

       B. There was sufficient evidence upon which a reasonable jury
          could conclude beyond a reasonable doubt that Mr.
          Passineau provided truthful information to law enforcement .. 15

       C. The District Court was well within its' discretion when it
          denied Nursey's Motion for New Trial .................................. 17

III.   THE DISTRICT COURT DID NOT ABUSE ITS'
       DISCRETION IN REFUSING NURSEY'S REQUESTED
       JURY CHARGE .......................................................................... 18

CONCLUSION ......................................................................................... 20

CERTIFICATE OF COMPLIANCE ......................................................... 21

CERTIFICATE OF SERVICE .................................................................. 22

# **TABLE OF CITATIONS**

Page

## **Cases**

*City of Chicago v. Morales,* 527 U.S. 41 (1999) ......................................... 10

*Connally v. General Constr.,* 269 U.S. 385 (1926)…………………………9

*Feliciano v. City of Miami Beach,* 707 F.3d 1244 (11th Cir. 2013).............. 16

*Giaccio v. Pennsylvania,* 382 U.S. 399 (1966)............................................. 10

*Kolender v. Lawson,* 461 U.S. 352 (1983)..................................................... 10

*Kreimer v. Bureau of Police for the Town of Morristown*, 985 F.2d 1242
(3rd Cir. 1992)................................................................................................. 10

*United States v. Chafin,* 808 F.3d 1263 (11th Cir. 2015) ......................... 7, 12

*United States v. Charles,* 313 F.3d 1278 (11th Cir. 2002) ........................... 19

*United States v. Eckhardt,* 466 F.3d 938 (11th Cir. 2006) ...................... 7, 19

*United States v. Hernandez,* 433 F.3d 1328 (11th Cir. 2005) ...................... 17

*United States v. Holland,* 537 F.2d 821 (5th Cir. 1976)............................... 17

*United States v. Martinez,* 763 F.2d 1297 (11th Cir. 1985)........................... 17

*United States v. Reed,* 887 F.2d 1398 (11th Cir. 1989) .................................. 7

*United States v. Register,* 182 F.3d 820 (11th Cir. 1999) .............................. 7

*United States v. Schumaker,* 479 F. App'x 878 (11th Cir. 2012)................... 7

*United States v. Takhalov,* 827 F.3d 1307 (11th Cir. 2016) ........................... 8

# <u>TABLE OF CITATIONS</u> (Cont.)

Page

**<u>Cases</u>**

*United States v. Tokars,* 95 F.3d 1520 (11th Cir. 1996) ................................ 19

*United States v. Williams*, 527 F.3d 1235 (11th Cir. 2008) ........................... 7

*United States v. Winship,* 397 U.S. 358 (1970) ........................................... 19

**<u>Statutes</u>**

18 U.S.C. § 3742(a) ........................................................................... 1

28 U.S.C. § 1291 ............................................................................... 1

18 U.S.C. § 1513(e) .............................................................1, 8-9, 11, 14-15

**<u>Eleventh Circuit Rule</u>**

Rule 26.1-1……………………………………………………………….C2 of 2

**<u>Federal Rules of Appellate Procedure</u>**

Rule 26.1 ...........................................................................C2 of 2

Rule 32(a)(7)(B)..............................................................................21

**<u>Federal Rules of Criminal Procedure</u>**

Rule 33…………………………………………………………………17

## STATEMENT OF JURISDICTION

This appeal is from a final judgment of the United States District Court for the Middle District of Alabama. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I. **WHETHER TITLE 18, UNITED STATES CODE, SECTION 1513(e) IS VOID FOR VAGUENESS.**

II. **WHETHER THE DISTRICT COURT COMMITTED ERROR IN DENYING NURSEY'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL.**

III. **WHETHER THE DISTRICT COURT ABUSED ITS' DISCRETION IN REFUSING NURSEY'S REQUESTED JURY CHARGE.**

## STATEMENT OF THE CASE

## I. COURSE OF PROCEEDINGS AND DISPOSITION BELOW

On March 18, 2015, a grand jury for the Middle District of Alabama returned a one-count indictment charging the defendant, Jeffrey Alan Nursey, with knowingly and intentionally retaliating against a witness for providing truthful information to law enforcement, in violation of Title 18, United States Code, Section 1513(e). Doc. 1. On June 21, 2015, Nursey filed a Motion to Dismiss Indictment to which the United States responded on July 1, 2015. Docs 39 and 46.

After receiving Nursey's reply the Court denied his Motion to Dismiss Indictment on August 7, 2015.  Docs. 47 and 48.

Nursey proceeded to trial which commenced on October 6, 2015.  The jury returned a verdict of guilty on October 7, 2015.  Doc. 92.  Nursey presented his oral Motion for Judgment of Acquittal at the close of the United States' case and again following the close of all the evidence; both were denied.  Doc. 142-187 – 190, 194-197.

On January 29, 2016, the Court sentenced Nursey to 27 months' imprisonment to be followed 3 years of supervised release and ordered him to pay a $100.00 special assessment fee.  Doc. 116.

Nursey timely filed his notice of appeal on February 2, 2016.  Doc. 118

## II.    STATEMENT OF THE FACTS

### A)    Facts regarding the 2013 prosecution of Nursey and the role of Michael Passineau

On October 18, 2011, Special Agent Derek M. Holt of the Office of Inspector General of the Office of Personnel Management, and Lynn Anderton, a representative of BlueCross and BlueShield's Network Integrity unit interviewed Mr. Michael Passineau.  Doc. 48-1-2; Doc. 142-24-25.  The substance of the interview was truthful information regarding Mr. Passineau's knowledge of deceptive/illegal ads and alleged fraudulent billing practices of Deramus Hearing Aid Center which was, and is, owned by Nursey's friend and later wife, Glenda

Deramus. Doc. 48-2; Doc. 142-24-26. Mr. Passineau worked at Deramus Hearing Center as a hearing instrument specialist from approximately 2007 through approximately January 2010, when he was fired by Ms. Deramus for allegedly being insubordinate. Doc. 48-2, Doc. 142-23-24.

Mr. Passineau testified that prior to his termination in January 2010, he, Nursey, Ms. Deramus and one other from Deramus Hearing Aid Center traveled to Huntsville, AL. Doc. 48-2; Doc 142-20-21. It was Mr. Passineau's understanding, at that time that, Nursey was being brought into the business as a "marketing guy." Doc. 142-22. In Huntsville, the group met with Maurice Gant, a hearing instrument specialist who had been extremely successful selling hearing aids. Doc. Doc. 142-22. Mr. Gant's explanation for his large volume of sales was disconcerting to Mr. Passineau who believed his marketing strategy was illegal and deceptive. Doc. 42-2, Doc. 142-22-23.

As referenced above, there was a meeting of Deramus Hearing Aid Center employees in January 2010 following the trip to Huntsville, AL. During that meeting. it was discussed that essentially the same deceptive ad utilized by Mr. Gant was to be used by Deramus Hearing Aid Center. Doc. 142-46-47. Mr. Passineau expressed his concerns that the ad was illegal and he was thereafter terminated. Doc. 142-24.

Based on OPM's investigation, a grand jury for the Middle District of Alabama returned a multi-count indictment against Nursey and Ms. Deramus charging them with numerous counts of health care fraud in violation of Title 18, United States Code, Section 1347 and making false statements in relation to health care matters in violation of Title 18, United States Code, Section 1035. Doc. 48-2-3. Mr. Passineau was subpoenaed to testify in the matter but was never called as the case was resolved short of trial. Doc. 142-26. Nursey ultimately pled guilty to a criminal information charging misprision of a felony in violation of Title 18, United States Code, Section 4, and was sentenced to a term of 5 years' probation. Doc. 48-3.

### B) Facts relating to Nursey's retaliation against Mr. Passineau.

On January 5, 2015, Mr. Passineau was employed in the same capacity at All Ears Hearing Center located at 6912 Winton Blount Boulevard, Montgomery, Alabama. Doc. 142-27, Gov't Exhibits 20 and 21. On that day fliers, Gov't Exhibits 10, 12, 13 and 14, were placed in mailboxes of businesses near the All Ears Hearing Center. Doc. 142-26-27. Once contacted by a nearby business, Mr. Passineau asked a fellow employee of All Ears to collect the graphic flyer. Doc. 142-27. In addition to the obscene language, the flyers bore the logo of All Ears Hearing Center, the company's address, as well as the home address of Mr. Passineau. Gov't Exhibits 10, 12, 13 and 14.

Later on January 5, 2015, Mr. Passineau met with Father Alex Valladares who provided Mr. Passineau with Gov't Exhibits 5, 7, 8 and 9. Doc. 142-33-38. These exhibits were letters and corresponding envelopes mailed to various employees of St. Bede the Venerable Catholic Church where Father Valladares was then serving as pastor and Mr. Passineau, his wife and children were regular attendees as well as active volunteers. Doc. 142-33-38. Particularly reprehensible was Gov't Exhibit 8, although the same letter as Gov't Exhibits 5, 7 and 9, this letter was mailed to Chad Barwick, the principal of the school attended by Mr. Passineau's stepsons. Doc. 142-37, 64.

Mrs. Jennifer Passineau, Mr. Passineau's wife, was a longtime employee of the Alabama Department of Environmental Management (ADEM) and was so employed on January 5, 2015. Doc. 142-62-64. As with the businesses near All Ears Hearing Center and St. Bede's Catholic Church, Nursey mailed to Mrs. Passineau's place of employment, the same letter, Gov't Exhibits 5, 7, 8, and 9. Doc. 142-64-68; Gov't Exhibits 1, 2, and 3. Also as before, Nursey mailed the same obscene correspondence to another state agency that does business with ADEM, Gov't Exhibit 6, and to others within ADEM, Gov't Exhibits 1, 2, and 3. Doc. 142-64-68. Nursey also mailed the same obscene letter to the home of Mr. and Mrs. Passineau as well as to some of their neighbors. Doc. 142-69-71, Gov't Exhibits 4 and 11.

Mrs. Passineau contacted the Montgomery County Sheriff's Office on January 5, 2015, to report the obscene materials collected in her neighborhood. Deputy Sheriff Andrew Bass responded and collected several pieces of the obscene mail from Mrs. Passineau at her home and from one neighbor's mailbox. Doc. 142-84-87. The documents collected from Mrs. Passineau as well as those collected by Mr. Passineau ultimately came into the possession of Sergeant Jodie Woodfin (Sgt. Woodfin), an investigator with the Montgomery County, Alabama Sheriff's Office. Doc. 142-94-97. In all, Sgt. Woodfin collected from Mrs. Passineau Govt Exhibits 1 through 14 which he then had analyzed for latent prints by Corporal Stephen Smith (Cpl. Smith). Doc. 142-96-99.

Cpl. Smith, a crime scene technician with the Montgomery County, Alabama Sheriff's Office, developed several prints of value from the documents. Most importantly, he developed a latent print of value on Gov't Exhibit 9, a letter addressed to Kathy Dean at St. Bedes Catholic Church. Doc. 142-143-145.[1] This fingerprint was later determined to match the fingerprint of Nursey's right index finger. Doc. 142-157-164.

## III.   STANDARDS OF REVIEW

---

[1]      The print on Gov't Exhibit 9 was identified in the record as Gov't Exhibit 16(b). Doc. 142-143-147.

**Issue I**: "[The Court] review[s] *de novo* claims of constitutional error, questions of 'pure law,' and mixed questions of law and fact. *United States v. Williams,* 527 F.3d 1235, 1239 (11th Cir. 2008); *United States v. Register,* 182 F.3d 820, 841 (11th Cir. 1999); *United States v. Eckhardt,* 466 F.3d 938, 947 (11th Cir. 2006)." *United States v. Schumaker*, 479 F. App'x 878, 883 (11th Cir. 2012).

**Issue II**: (A) "[The Court] review[s] both a challenge to the sufficiency of the evidence and the denial of a Rule 29 motion for judgment of acquittal *de novo*. We examine the evidence "in the light most favorable to the government and resolv[e] all reasonable inferences and credibility issues in favor of the guilty verdicts. We will not overturn a guilty verdict unless no reasonable trier of fact could find guilt beyond a reasonable doubt. Nor will we disturb the denial of a Rule 29 motion so long as a reasonable trier of fact could find guilt beyond a reasonable doubt. *United States v. Chafin,* 808 F.3d 1263, 1268 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1391 (2016) (internal citations and quotations omitted).

(B) "A motion for a new trial is addressed to the sound discretion of the trial court, and a decision to deny a new trial motion will not be reversed absent an abuse of discretion." *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (internal citations and quotations omitted)

**Issue III**:    "[The Court] review[s] for an abuse of discretion a district court's refusal to give a requested jury instruction."  *United States v. Takhalov*, 827 F.3d 1307, 1311 (11th Cir. 2016), *as revised* (Oct. 3, 2016), *opinion modified on denial of reh'g*, No. 13-12385, 2016 WL 5750478 (11th Cir. Oct. 3, 2016).

## <u>SUMMARY OF THE ARGUMENTS</u>

**Issue I**:  Title 18, United States Code, Section 1513(e) is not unconstitutionally vague because the scope of the statute is narrow and the group of persons to whom it applies is finite and ascertainable by a person of ordinary intelligence.

**Issue II**:  The District Court did not commit error in denying Nursey's Motion for Judgment of Acquittal because the evidence when viewed "in the light most favorable to the government" was more than sufficient for a reasonable trier of fact to find guilt beyond a reasonable doubt.

Similarly, the District Court did not commit error in denying Nursey's Motion for New Trial because the evidence, even when not viewed in the light most favorable to the verdict, did not preponderate "sufficiently heavily against the verdict that a serious miscarriage of justice," had occurred.

**Issue III**:  The District Court did not abuse its' discretion in refusing to give Nursey's requested jury charge because Nursey has not shown that his offered "speculation" instruction had been adopted as a correct statement of the law, or

that the concept was not adequately addressed in the instructions presented by the

Court.

## ARGUMENTS AND CITATIONS OF AUTHORITY

**I.  TITLE 18, UNITED STATES CODE, SECTION 1513(e) IS NOT UNCONSTITUTIONALLY VAGUE THUS DEFENDANT HAS SUFFERED NO CONSTITUTIONAL DEPRIVATION.**

Nursey asserts that Title 18, United States Code, Section 1513(e)[2] is

unconstitutionally vague and thus application of the statute against him violates his

due process rights.  Particularly, he states, "[t]here is no guidance provided to an

officer so they can determine what actions Mr. Nursey would have had to have

committed to somehow involve himself with, hinder, hamper or impede Mr.

Passineau in his employment or livelihood."  Brief of Appellant at 10.

 Vagueness renders a statute void if "men of common intelligence must

necessarily guess at its meaning and differ as to its application." *Connally v.*

*General Constr.,* 269 U.S. 385, 391 (1926). The problem with a vague statute is

that it "fails to meet the requirements of the Due Process Clause if it is so vague

---

[2]    Title 18, United States Code, Section 1513(e) reads, "[w]hoever
knowingly, with the intent to retaliate, takes any action harmful to any person,
including interference with the lawful employment or livelihood of any person,
for providing to a law enforcement officer any truthful information relating to
the commission or possible commission of any Federal offense, shall be fined
under this title or imprisoned not more than 10 years, or both."

and standardless that it leaves the public uncertain as to the conduct it prohibits." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-403 (1966).

As part of its vagueness analysis of a statute, a court must determine whether the statute satisfies the "fair notice requirement." As the Supreme Court has explained: "[T]he purpose of the fair notice requirement is to enable the ordinary citizen to conform his or her conduct to the law." *City of Chicago v. Morales*, 527 U.S. 41, 58 (1999). The vagueness doctrine is also designed to provide law enforcement authorities with necessary parameters so as to guarantee the "fair and nondiscriminatory application of the laws." *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1266 (3rd Cir. 1992); *also see*, *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983) ("[W]e have recognized recently that the more important aspect of vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.'") In sum, vague statutes are those that may be subject to discriminatory, unfettered enforcement and application.

The statute involved here proscribes retaliatory, harmful action against any person who provides truthful information to a law enforcement officer about the commission or possible commission of a federal offense. Contrary to what Nursey contends, the scope of the statute is narrow and the group of persons to whom it applies is finite and ascertainable by a person of ordinary intelligence. The

witness retaliation statute in question here does not evoke the sort of unbridled discretion which has caused courts to strike down poorly-written loitering or vagrancy statutes. This statute simply cannot be applied to any person merely standing around at the time a federal investigation or prosecution takes place. Nursey conflates prosecutorial discretion with the vagueness doctrine's requirement of meaningful guidelines for application of a criminal statute.

The witness retaliation statute cannot be applied to anyone whom federal law enforcement authorities might pick up in some kind of broad-ranging, arbitrary sweep. It may only be applied to individuals whom the United States can show have acted with retaliatory intent against a witness who provided truthful information to a federal law enforcement officer about a violation or possible violation of federal law. When federal authorities have reason to believe – and evidence to prove – that an individual has acted with the requisite retaliatory intent against a witness who reports actual or possible federal criminal activity, *only then* may that individual be charged under 18 U.S.C. § 1513(e). The statute is not void for vagueness. No court has so ruled since the statute was enacted and Nursey has failed to make a convincing argument that the statute should be found to be void for vagueness.

## II.   THE DISTRICT COURT'S DENIAL OF NURSEY'S MOTION FOR ACQUITTAL WAS PROPERLY DENIED AS A REASONABLE TRIER OF FACT COULD, AND DID, FIND GUILT BEYOND A REASONABLE DOUBT.

Nursey submits that he was entitled to the entry of a judgment of acquittal pursuant to Rule 29, Federal Rules of Criminal Procedure.  He argues the United States failed to prove that, "Nursey's actions caused harm to Mr. Passineau" and "[t]he Government failed to establish that Mr. Passineau provided [a] truthful statement" to the OPM and BCBS representatives regarding the alleged deceptive and fraudulent advertising and billing practices of Deramus Hearing Center.  Brief of Appellant at pp. 13 and 19.  This Court has stated:

> We review both a challenge to the sufficiency of the evidence and the denial of a Rule 29 motion for judgment of acquittal *de novo.*  We examine the evidence "in the light most favorable to the government and resolv[e] all reasonable inferences and credibility issues in favor of the guilty verdicts. We will not overturn a guilty verdict unless no reasonable trier of fact could find guilt beyond a reasonable doubt. Nor will we disturb the denial of a Rule 29 motion so long as a reasonable trier of fact could find guilt beyond a reasonable doubt.

*United States v. Chafin,* 808 F.3d 1263, 1268 (11th Cir. 2015), *cert. denied,* 136 S. Ct. 1391 (2016) (internal citations omitted).  The United States submits that each element was sustained by sufficient evidence upon which a reasonable jury could have found Nursey guilty beyond a reasonable doubt.[3]

---

[3]   At trial, the Court instructed the jury as follows:

**A)** **The evidence established that Nursey interfered with the witness's lawful employment and livelihood.**

Nursey argues that the United States failed to prove the second element of the crime charged, i.e., that Nursey's conduct interfered with Mr. Passineau's lawful employment and livelihood. Nursey's argument in this regard is based solely on the fact that Mr. Passineau was able to retain his position with his current employer and his "job status" remained the same after the letters were mailed and the flyers were distributed. The retention of his "job status" is adequate, Nursey suggests, to show no interference with Mr. Passineau's employment and livelihood.

Quite to the contrary, the evidence shows and common sense dictates – as the jury was plainly entitled to reasonably infer – that a person working with the

---

"The Defendant can be found guilty of this crime only if the Government proves all of the following facts beyond a reasonable doubt:

(1)     That the person described in the indictment was a witness;

(2)     That the Defendant interfered with the witness's lawful employment and livelihood in the manner described in the indictment; and

(3)     That the Defendant acted knowingly and intended his actions to be retaliation against the witness for providing truthful information to law enforcement."

Doc. 89-6

public (including children) who is falsely accused of being a "child sexual molester" has sustained interference with his lawful employment and livelihood. Mr. Passineau's reputation has been plainly damaged and his livelihood – based on retention of a good public name and reputation – has been interfered with by virtue of the distribution of these letters and flyers. Had there been no such interference, Mr. Passineau would not have felt compelled to bring legal charges against Nursey which subsequently resulted in this prosecution.

The mere fact that Mr. Passineau did not forfeit his job or that his wife did not lose her job does not negate the reality that Mr. Passineau was not held in the same light after the distribution of these letters and flyers that he was held in prior to the distribution of these bullying, retaliatory letters and flyers. There was ample basis for the jury to conclude that Mr. Passineau suffered the kind of interference with his livelihood that § 1513(e) makes criminal. The distribution of these flyers and letters plainly interfered with Mr. Passineau's lawful employment and his livelihood.

The United States proved the second element of the offense against Nursey and there was no basis for the Court to set aside the jury's verdict affirming that the United States had met its burden of proof on the second element.[4]

---

[4] The indictment charged, in pertinent part, "did knowingly and with intent to retaliate against a witness, . . ., by attempting to interfere with the witness's lawful employment and livelihood." Doc. 1. Clearly Nursey's

**B)     There was sufficient evidence upon which a reasonable jury could conclude beyond a reasonable doubt that Mr. Passineau provided truthful information to law enforcement.**

Nursey contends that his Rule 29 motion for judgment of acquittal was due to be granted because the United States failed to establish that the information Mr. Passineau provided to Special Agent Derek Holt was truthful.  Nursey contends that the United States was required to call another witness to attest to the truthfulness of Mr. Passineau's statement to Special Agent Holt because Mr. Passineau's own, direct testimony that he provided truthful information is "self-serving" and insufficient to satisfy the truth element required under § 1513(e).  In effect, Nursey would have had the United States call a witness simply to say "Mr. Passineau's information was truthful," even when there is no basis in the record for the jury to have found that Mr. Passineau's information was not truthful.

To suggest that the information Mr. Passineau provided to Special Agent Holt is supportive of some self-interest held by Mr. Passineau is simply misplaced. Mr. Passineau was asked questions about what he knew concerning DeRamus Hearing Aid Center and its billing practices, and he provided information based on his firsthand knowledge and observations while employed at that business.  The information that Mr. Passineau provided in his interview stands unchallenged and

_____

conduct evidences beyond a reasonable doubt his intention to ***attempt*** to interfere with Mr. Passineau's lawful employment and livelihood.

unrefuted by any other evidence. Mr. Passineau's testimony that he advised
Special Agent Holt that the billing scheme Maurice Gant shared with employees of
DeRamus Hearing Aid Center was illegal and that he wanted no part of it is not
conclusory, self-serving, or unsubstantiated. That information, at least in part, led
to Nursey's indictment for health care fraud.

Moreover, if the United States had sought to offer testimony from SA Holt
or others regarding the truthfulness of Mr. Passineau's statement to SA Holt, it is
more than likely that Nursey would have objected to such testimony. More
importantly, the truthfulness of Mr. Passineau's testimony is demonstrated by the
fact that his testimony resulted in the indictment of Nursey for health care fraud
and Nursey's ultimate guilty plea in the underlying health care fraud case. As the
Eleventh Circuit has stated in a civil context, "testimony cannot be discounted . . .
unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible
as a matter of law, meaning that it relates to facts that could not have possibly been
observed or events that are contrary to the laws of nature." *Feliciano v. City of
Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citation omitted).

The record is void if any evidence that contradicted Mr. Passineau's
testimony regarding the truthful information he provided to SA Holt. The jury was
entitled to consider and to decide for itself whether Mr. Passineau provided truthful
information to SA Holt because, as the finders of fact, "the ultimate decision as to

the truth or falsity of facts lies with the jury." *United States v. Holland*, 537 F.2d 821, 823 (5th Cir. 1976). The jury was entitled to accept or reject Mr. Passineau's testimony that he provided truthful information to SA Holt; obviously it chose to conclude that Mr. Passineau had provided truthful information. Absent some showing that no *reasonable* jury could have concluded that Mr. Passineau provided truthful information, there is no basis for the Court to disturb the jury's finding on this issue. Thus, the district court's denial of Nursey's Motion for Judgment of Acquittal is due to be affirmed.

**C. The District Court was well within its' discretion when it denied Nursey's Motion for New Trial.**

This Court has previously stated:

> "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez,* 763 F.2d 1297, 1312 (11th Cir.1985). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.*

*United States v. Hernandez*, 433 F.3d 1328, 1334 (11th Cir. 2005). Nursey has intimated, without addressing other than in passing, that the district court erred in denying his Motion for New Trial pursuant to Rule 33, Federal Rules of Criminal Procedure.

The evidence as discussed in the Government's Statement of Facts above and in its arguments in response to Nursey's claim that the district court erred when it denied his Rule 29 Motion for Judgment of Acquittal sufficiently addresses its position that the district court's denial of his Motion for New Trial was properly denied. Even when not viewed in the light most favorable to the verdict, the evidence of record does not preponderate, "sufficiently heavily against the verdict that a serious miscarriage of justice," has occurred. Thus, the district court denial of Nursey's Motion for New Trial is due to be affirmed.

## III. THE DISTRICT COURT DID NOT ABUSE ITS' DISCRETION IN REFUSING NURSEY'S REQUESTED JURY CHARGE.

At the charge conference conducted on the afternoon of October 6, 2015, Nursey sought to offer an additional charge which included language to the effect that the jury's verdict could not be based on a suspicion, a possibility, speculation or a guess that the defendant was guilty. Doc. 142-200-203. Specifically, the requested instruction was:

> If you believe the evidence in this case did nothing more than create a suspicion, a possibility, speculation, or a guess that the defendant is guilty of the criminal act she is charged with, then that is an insufficient basis for conviction. Circumstances merely causing a suspicion of guilt are insufficient to justify a conviction of crime, and you must find her not guilty.

Doc. 142-201. In support of this charge Nursey cited, *In Re: Winship*, 397 U.S. 358, (1970), and *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002).[5] Following discussion of the propriety of adding the charge, the district court declined to do so stating that the pattern jury instruction on burden of proof adequately covered Nursey's requested charge. Doc. 142- 201-202.That instruction defines "proof beyond a reasonable doubt" as "proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs." Doc. 89-2.

Although a challenge to a jury instruction presents a question of law subject to *de novo* review, a district court's refusal to give a requested jury instruction is reviewed for abuse of discretion. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996). In *United States v. Eckhardt*, 466 F.3d 938, 947-48 (11th Cir. 2006), this Court stated:

> The failure of a district court to give an instruction is reversible error where the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

---

[5] This additional instruction was not included among Nursey's written proposed instructions submitted to the Court prior to the commencement of the trial. *See* Doc. 26.

Nursey has failed to show that this offered "speculation" instruction has been adopted as a correct statement of the law, or that the concept was not adequately addressed in the instructions given by the district court.  Therefore, he cannot establish that the district court's refusal to give the requested charge was an abuse of discretion.

The court gave the jury the pattern instruction approved by this Court on proof beyond a reasonable doubt.  That instruction defines "proof beyond a reasonable doubt" as "proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs."  The reasonable doubt instruction adequately covered the "speculation" issue that Nursey sought to inject into the instructions.  The district court did not abuse its discretion and its refusal to give the requested charge is due to be affirmed.

## CONCLUSION

In light of the foregoing, the United States asks that this Court affirm Defendant Jeffrey Allen Nursey's conviction and sentence.

Respectfully submitted this 27th day of October, 2016.

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

/s/R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitations set forth

in Federal Rule of Appellate Procedure 32(a)(7)(B). This brief contains 5,717

words.

/s/R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2016, a true and accurate copy of the foregoing was served on counsel for the Defendant-Appellant by placing copies of the same to him in the United States mail, first class postage prepaid, to the following address:

> Richard Franklin Matthews, Jr.
> The Law Office of Richard Franklin Matthews, Jr., LLC.
> 621 South Hull Street
> Montgomery, AL  36104

and by mailing the original and additional copies by pre-paid, first class, certified mail, to the Clerk of this Court, on the same date, to the following address:

> Clerk's Office - Appeal No. No. 16-10432-GG
> United States Court of Appeals for the Eleventh Circuit
> 56 Forsyth Street NW
> Atlanta, Georgia 30303

> s/R. Randolph Neeley
> R. RANDOLPH NEELEY
> Assistant United States Attorney

Address of Counsel:

United States Attorney's Office
131 Clayton Street
Montgomery, Alabama 36104